EASTERN DIST.
June, 1840.

GASQUET
vs.
OAKEY.

---

GASQUET *vs.* OAKEY.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

All the parties who are endorsers on a note or bill, after the payee, must be governed in their liabilities by the *lex mercatoria*.

The law and responsibility is the same between endorsers, whether they received the note or bill successively from each other, in the usual course of business, or are mere accommodation endorsers.

So, where the second endorser takes up a note after protest, he has his recourse against the first endorser, for the amount he has paid.

This is an action on a promissory note, executed by George Green, for two thousand five hundred dollars, the 25th January, 1837, payable to S. W. Oakey, three years after date, by him endorsed in blank. The plaintiff was the second endorser, when the note was put in circulation, and at maturity it was protested for non-payment. He paid it under protest, and now seeks to recover the amount and costs from the defendant who was the payee and first endorser.

The defendant admits his endorsement, but denies that he is in any manner liable to the plaintiff. That it was given for the purchase of a tract of land or lot of ground to which the plaintiff, with himself, was a party. That the note was given as accommodation paper; the plaintiff, defendant, Green and R. Curell, being all associated together in the purchase of said property from L. Peirce, Esq., and that he cannot be liable for more than his proportion; but that Green having become insolvent, he has already paid more. He sets up various other matters in defence, and pleads the want of an amicable demand, and prays that the suit be dismissed. On these pleadings and issues the cause was tried.

After hearing the evidence and arguments of counsel, the parish judge decided, that this case must be governed by the *lex mercatoria;* and that the payee and first endorser was liable to the second and subsequent endorser; and that there is no distinction between business and accommodation paper. *See* 4 *Louisiana Reports*, 466. There was judgment for the plaintiff, and the defendant appealed.

*Wharton*, for the plaintiff, contended, that judgment should be affirmed.

1. Because the note is to be considered under the general principles governing promissory notes and bills of exchange

unless there is evidence to show that it was not so intended,
and that the endorsers agreed that they were to be to each
other as sureties. There is no such evidence, positive or
implied. *See Stone et al.* vs. *Vincent,* 6 *Martin, N. S.,* 517 ;
*Knox* vs. *Widow and heirs of Dixon,* 4 *Louisiana Reports,* 466;
*Church* vs. *Barlow,* 9 *Pickering's Reports,* 547.

*G. B. Duncan,* for the defendant, insisted, that where a
party puts his name on a note, as in this case, for the use
and benefit of the maker, he will be presumed to have done
so as surety. 14 *Louisiana Reports,* 389.

2. The case of *Vincent* vs. *Stone,* 6 *Martin, N. S.,* 517, is
a very different case from this. If Green had been the sole
purchaser, and the plaintiff and defendant had endorsed for
him, there is no doubt they would have been liable in the
usual way, one to the other; the first to the second, &c.;
but here the parties were all joint purchasers, and as such
are only jointly liable, and must be so treated as between
each other. The judgment ought, therefore, to be reversed.
See the cases of *Nolte & Co.* vs. *Their Creditors,* 7 *Martin,
N. S.,* 9 ; *Dorsey et al.* vs. *Their Creditors, idem.,* 498.

*Morphy, J.,* delivered the opinion of the court.

This action is brought on a promissory note, by the en-
dorsee against the payee and endorser thereof. There is no
dispute about the signatures, the demand on the drawer, or
notice to the endorser; but the latter sets up for defence,
that the note sued on was not negotiated by him to the
plaintiff, in the usual course of business; that the plaintiff
and himself were both accommodation endorsers for George
Green, the drawer ; that the plaintiff, defendant, Green and
Curell, having bought jointly, on speculation, from Levi
Peirce, a tract of land, the deed of sale was executed in the
name of Green alone ; but that each of the co-purchasers
gave his notes for his proportion of interest, endorsed by some
of the other purchasers ; that having both, in this way, en-
dorsed the notes of Green, they should be viewed in the light
of co-sureties ; and that plaintiff having taken up and paid

this note, cannot claim from the defendant more than one-half of its amount.    Judgment was given below for the plaintiff, and this appeal was taken.

The appellant has contended, that under the decisions of this court, we can look beyond the form in which the parties may have clothed their contract ; and we have been referred to the cases of *Nolte & Co.* vs. *Their Creditors, and Dorsey & Co.* vs. *Their Creditors*, both reported in 7 *Martin, N. S.*, 9 *and* 498.    That we are authorized to inquire into the real character of a contract in whatever form presented to us, we have never doubted ; nor has it to our knowledge been disputed. In the cases quoted, we have held that even where a contract assumed the form of a bill of exchange or promissory note, the mercantile law did not enable the payee, or whoever may have lent his name to the maker, or drawer, to recover from either more than he was compelled to pay himself ; but in the same decisions, we have said that as to all parties who came after the payee on a bill, the *lex mercatoria* applied in full force ; and made him responsible under its rules.    The law is the same, says Bailey, page 151, whether the endorsers received the note successively from each other in the course of business, or they are merely accommodation endorsers for the benefit of another person.    When parties obligate themselves in a certain form, they must be presumed to have intended to contract the obligations which that form imposes, unless an understanding to the contrary is shown ; 4 *Louisiana Reports*, 469 ; *Knox* vs. *Dixon's Heirs*.    In this case, they both endorsed the note in the usual manner and form, and no agreement is shown which might vary the legal liabilities their endorsements must necessarily create.

The circumstance of the note thus endorsed having been given by Green to his vendor, in payment of his interest in the joint purchase, may show that these endorsements were an accommodation to the drawer, but does not show their intention to be bound, otherwise than that they must have known that their endorsements would bind them, by the well established principles of law operating upon them under such relations.

All the parties who are endorsers on a note or bill, after the payee, must be governed in their liabilities by the *lex mercatoria*.

The law and responsibility is the same between endorsers, whether they received the note or bill successively from each other in the usual course of business, or are mere accommodation endorsers.

So, where the second endorser takes up a note after protest, he has his recourse against the first endorser, for the amount he has paid.

It is therefore, ordered, that the judgment of the Parish
Court be affirmed, with costs.